**MEMORANDUM OPINION**

November 15, 2007

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

In re:

SWANN LAND LLC                                    Case No.07-33181
                                                  Chapter 11
        Debtor

SWANN LAND DEVELOPMENT LLC                        Case No.07-33182
                                                  Chapter 11
        Debtor


BEFORE THE HONORABLE RICHARD STAIR, JR.

UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

    FOR TRI-STAR CONSULTING, LLC:

    BRUCE C. BAILEY, ESQ.
    1000 Tallan Building
    Two Union Square
    Chattanooga, Tennessee 37402-2502

    EDWARD T. BRADING, ESQ.
    Post Office Box 1160
    Johnson City, Tennessee 37605-1160

    FOR CITIZENS NATIONAL BANK,
    SEVIERVILLE, TN:

    N. DAVID ROBERTS, JR., ESQ.
    Post Office Box 2564
    Knoxville, Tennessee 37901

APPEARANCES (continued):

FOR SUNTRUST BANK, SUCCESSOR TRUSTEE
OF THE TOM B. SWANN RESIDUAL TRUST
AND THE BENEFICIARIES THEREOF:

ROBERT C. GOODRICH, JR., ESQ.
424 Church Street, Suite 1800
Nashville, Tennessee 37219

WILLIAM D. LEADER, JR., ESQ.
414 Union Street, Suite 1740
Nashville, Tennessee 37219

FOR BANK OF AMERICA, N.A.:

MARC T. McNAMEE, ESQ.
2000 First Union Tower
150 Fourth Avenue North
Nashville, Tennessee 37219

FOR GREENBANK f/k/a GREENE COUNTY
BANK D/B/A AMERICAN FIDELITY BANK,
A GREENE COUNTY BANK OFFICE,
GREENEVILLE, TN:

MARY D. MILLER, ESQ.
Post Office Box 26230
Knoxville, Tennessee 37912

HEATHER G. ANDERSON, ESQ.
4820 Old Kingston Pike, Suite 200
Knoxville, Tennessee 37919

FOR THE UNITED STATES TRUSTEE:

PATRICIA C. FOSTER, ESQ.
Howard H. Baker, Jr. United States Courthouse
800 Market Street, Suite 114
Knoxville, Tennessee 37902

1        THE COURT:  The Voluntary Petitions commencing the Chapter 11

2    bankruptcy cases of Swann Land LLC and Swann Land Development LLC were filed

3    on September 26, 2007.  David Jones, "Manager, Tri-Star Consulting, LLC w/ Voting

4    Rights for Swann," signed both petitions on behalf of the respective Debtors as the

5    "Authorized Individual."  Each petition is also signed by Bruce C. Bailey of the law

6    firm of Chambliss, Bahner & Stophel, P.C., as "Attorney for Debtor[s]." With the

7    exception of Schedule D, which accompanied each petition, neither Debtor has filed the

8    required schedules and Statement of Financial Affairs.  The following events have taken

9    place subsequent to the commencement of these two bankruptcy cases:

10        1.  On October 3, 2007, Bruce C. Bailey and Chambliss, Bahner & Stophel,

11    P.C., as "Attorneys for Tri-Star Consulting, LLC," filed, in the name of the Debtor

12    Swann Land Development LLC, a motion entitled "Motion of the Debtor For an Order,

13    Pursuant to Sections 105(A), 363(b), and 363(f) of the Bankruptcy Code, Authorizing

14    the Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances and

15    For an Order Establishing Bidding Procedures, Approving Break-up Fee, and Overbid

16    Protections" seeking a sale of Swann Land Development LLC's sole asset,

17    approximately 680 acres situated in Jefferson County, Tennessee, free and clear of

18    liens, including a lien of Tri-Star Consulting, LLC.  This Motion, originally set for

19    October 18, 2007, was continued until today.

20        2.  On October 10, 2007, Bruce C. Bailey and Chambliss, Bahner & Stophel,

21    P.C., filed a document in both cases entitled "Entry of Appearance and Request for All

22    Notices" through which they entered their appearance as counsel for Tri-Star

23    Consulting, LLC.  Tri-Star Consulting, LLC, is listed on Schedule D filed by each

24    Debtor with its Voluntary Petition as a creditor holding a claim in the amount of

25    $4,750,000.00 secured by the Swann Land Development LLC Jefferson County real

property. Both Debtors list Tri-Star Consulting, LLC's address in care of the Chambliss, Bahner & Stophel, P.C. law firm.

3. On October 12, 2007, the court, on its own motion, entered Orders in both cases directing, *inter alia*, that Bruce C. Bailey and the law firm of Chambliss, Bahner & Stophel, P.C., file the compensation disclosure statement required of Debtors' attorneys by 11 U.S.C. § 329(a) and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure by October 17, 2007. The compensation disclosure statements were not filed.

4. On October 15, 2007, both Debtors filed an Application of Debtor to Employ Attorneys requesting authorization to employ Robert M. Bailey and the law firm of Bailey & Bailey, P.L.L.C., to represent them in the prosecution of their respective Chapter 11 cases. Both employment Applications were withdrawn by Robert M. Bailey and Bailey & Bailey, P.L.L.C., on October 25, 2007.

5. At a hearing on October 18, 2007, Bruce C. Bailey appeared on behalf of Tri-Star Consulting, LLC. In response to questions directed to him by the court, Mr. Bailey stated that he did not file the required debtor attorney compensation disclosure statements because he does not now nor has he ever represented Swann Land LLC or Swann Land Development LLC. Rather, Mr. Bailey stated that he and his firm have acted on behalf of Tri-Star Consulting, LLC, who holds the voting rights of Swann Land LLC, the sole member of Swann Land Development LLC. Mr. Bailey advised the court that Tri-Star Consulting, LLC, exercised its voting rights to do two things: file a Voluntary Petition on behalf of Swann Land LLC and Swann Land Development, LLC, and accept a tender offer for the Debtors' real property.

6. At the conclusion of the October 18, 2007 hearing, Mr. Bailey reiterated that it was never his intention to represent the Debtors and asked if he should do

anything to cure the court's concerns. The court responded that Mr. Bailey should file a statement setting forth his position. Mr. Bailey advised that he would do so, and on October 31, 2007, he filed the Verified Statement of Bruce C. Bailey Regarding Representation and Compensation, thoroughly disclosing his and his firm's connections with the Debtors and Tri-Star Consulting, LLC. Clearly, Mr. Bailey and his firm do not nor can they represent these Debtors.

7. At the conclusion of the October 18, 2007 hearing, the court directed, *inter alia*, that the Debtors would have through November 15, 2007, to file their Statements of Financial Affairs and schedules. Orders to this effect were entered on the same date in each case. As of today, the Statements of Financial Affairs and schedules, excepting Schedule D, have not been filed.

8. On November 1, 2007, the United States Trustee filed, and noticed for hearing today, a Motion For Appointment of a Trustee Pursuant to 11 U.S.C. § 1104 or, in the Alternative, For Dismissal in each case requesting appointment of a Chapter 11 trustee to offset the Debtors' failure to have counsel or, alternatively, for dismissal of each Chapter 11 case.

Also pending before the court is an adversary proceeding styled *SunTrust Bank, as Successor Trustee of the Tom B. Swann Residual Trust, et al. v. Jones, et al.*, Adv. No. 07-3103, removed on October 19, 2007, from the Chancery Court for Jefferson County, Tennessee. In this lawsuit, the Plaintiffs seek rescission of the sale of the Jefferson County real property to the Debtor, Swann Land Development LLC, rendering that sale null and void.

There is no dispute that the Debtors, both of which are limited liability companies organized under the laws of the State of Delaware, were not represented by independent counsel at the time of the bankruptcy filings, nor is either Debtor

represented by counsel currently. Both petitions were, in effect, filed by Tri-Star Consulting, LLC.

The threshold issue here is the Debtors' lack of counsel and their resulting ability to continue in Chapter 11. It is well-established that corporate debtors are legal entities that may not litigate matters in federal courts pro se. *See Rowland v. Cal. Men's Colony*, 113 S. Ct. 716, 721 (1993) (reiterating that "a corporation may appear in the federal courts only through licenced counsel"); *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005) (stating that "neither a corporate officer nor a shareholder may appear on behalf of [a] corporation"); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Stone Harbor Recoveries v. Fifarek (In re Fifarek)*, 370 B.R. 754, 758 (Bankr. W.D. Mich. 2007) (same). Because neither of the Debtors are now nor have they ever been represented by counsel before the bankruptcy court, they are not properly before the court.

The second issue is whether the appointment of a Chapter 11 trustee will obviate the need for these Debtors to have legal counsel. In appropriate cases, appointment of a Chapter 11 trustee is authorized by 11 U.S.C. § 1104, which provides, in material part, as follows:

> (a) At any time after the commencement' of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the

case, or similar cause, but not including the number of
holders of securities of the debtor or the amount of assets or
liabilities of the debtor;
(2) if such appointment is in the interests of creditors, any
equity security holders, and other interests of the estate,
without regard to the number of holders of securities of the
debtor or the amount of assets or liabilities of the debtor; or
(3) if grounds exist to convert or dismiss the case under
section 1112, but the court determines that the appointment of
a trustee or an examiner is in the best interests of creditors
and the estate.

11 U.S.C. § 1104(a) (2005).

A trustee is not appointed unless a party in interest demonstrates that such appointment is necessary and appropriate; i.e., "when the debtor in possession fails to adequately perform the duties of a trustee [and] . . . fails to protect and conserve property of the estate for the benefit of its creditors [which] . . . diminish[es] the value of the estate as a whole." *Sumitomo Trust & Banking Co., Ltd. v. Holly's, Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 685 (Bankr. W.D. Mich. 1992). Accordingly, the appointment of a trustee is an extraordinary remedy, and the party seeking appointment must prove one of the statutory bases by clear and convincing evidence. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 471 (3d Cir. 1998).

Several factors must be explored because the appointment of a trustee is, in essence, the replacement of a debtor's management which creates costs to the estate in the form of a statutory trustee fee and transition costs that are "implicit in replacing current management with a team that is less familiar with the debtor specifically and its

market generally." *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 577 (3d Cir. 2003). "Nevertheless, in the appropriate case, the appointment of a trustee is a power which is critical for the Court to exercise in order to preserve the integrity of the bankruptcy process and to insure that the interest of creditors are served." *In re Intercat, Inc.*, 247 B.R. 911, 920 (Bankr. S.D. Ga. 2000).

The key point in the appointment of a trustee is that by doing so, the court, in essence, 'replaces' a debtor's management. However, as the cases clearly hold, a debtor may not proceed in federal court represented by its management. So 'replacement' of the Debtors' management in favor of a Chapter 11 trustee in these cases would not remedy the problem – that the Debtors are not represented by counsel and they may not proceed pro se. The appointment of a Chapter 11 trustee would do nothing more than eliminate a debtor's status as a debtor-in-possession. It does not change the debtor's status as an independent legal entity.

Furthermore, the role of a Chapter 11 trustee is to act as the representative of a debtor's bankruptcy estate, not as representative of the debtor. *See* 11 U.S.C. § 323(a) (2005). Any attorney for the trustee that might be appointed in these cases would represent the trustee and would not represent the Debtors. The fact that a debtor-in-possession performs the duties of a trustee pursuant to 11 U.S.C. §§ 1107(a) and 1108 (2005) means little in the case of appointment of a Chapter 11 trustee, where the debtor-in-possession has not been properly performing those duties and is thus relieved of them. When a Chapter 11 trustee is appointed, the trustee and the debtor are not the same party nor do they necessarily share the same interests. In fact, the interests of a Chapter 11 trustee and debtors are often in opposition. In such a case, if a conflict were to arise, the appointed Chapter 11 trustee's loyalties are to the estate, even if they are in direct conflict with the wishes of the debtor, further establishing the need for separate

1   counsel for the Debtors.  In the absence of an attorney representing each Debtor

2   specifically, they cannot proceed with these cases, irrespective of whether a trustee is

3   appointed and then hires counsel.  Again, the appointment of a Chapter 11 trustee is not

4   a substitute for representation of the Debtors by counsel.

5        In summary, the appointment of a Chapter 11 trustee will not cure the

6   fundamental problem that the Debtors lack independent representation by counsel

7   before the bankruptcy court.  The court will accordingly grant the United States

8   Trustee's Motion to the extent dismissal is requested.  Appropriate orders will be

9   entered dismissing these bankruptcy cases.

10       This Memorandum constitutes findings of fact and conclusions of law based

11  on the record before me.  I will not ask the court reporter to transcribe my opinion.  If it

12  is transcribed, Ms. Dunn will provide me with the original.  I will make the appropriate

13  additions or corrections and it will be filed with copies served on counsel.  I will today

14  see that orders are entered dismissing both of these bankruptcy cases.

15  FILED:  November 20, 2007

16                                  /s/ *Richard Stair, Jr.*
                                  RICHARD STAIR, JR.

17                                  U.S. BANKRUPTCY JUDGE

18

19

20

21

22

23

24

25